## GEORGE H. FORBES, Adm'r, etc.,

### v.

## LILLIE WILLIAMS.

PROMISSORY NOTE—GIFT WITHOUT CONSIDERATION.—A suit based up n the following instrument: " Whereas my niece, Lillie Williams, has performed for me personal services for a long period of time, for which I desire she should receive ample compensation from my estate, and not feeling able at present to fully compensate her, I therefore and hereby acknowledge myself indebted to her in the sum of twenty-five hundred dollars with interest, but not to be due until my death, unless at my option. Delilah Deeds." After Mrs. Deeds' death this suit was brought. The only services the evidence showed were performed by appellee for Mrs. Deeds, and for which the note is c'aimed to have been given, were while appellee was at Mrs. Deeds' residence, from April to October, 1875, when she was treated as a guest and member of the family, and performed no labor to speak of. *Held*, that the mention of services was a mere sham; that the note was a gift without consideration, and in the nature of a testamentary bequest, and that no jury will be supported by this court in finding a verdict for appellee on the evidence as set forth.

APPEAL from the Circuit Court of Jo Daviess county; the Hon. JOHN V. EUSTACE, Judge, presiding. Opinion filed August 20, 1884.

Mr. ROBERT D. RUSSELL, for appellant; cited Smith v. Ware, 13 Johns. 258; Mills v. Wyman, 3 Pick. 207; Oertel

v. Schroeder, 48 Ill. 133; Gates v. Winslow, 1 Mass. 63;
Story on Promissory Notes, 7th Ed. Ch. 5, § 185; Kirkpat-
rick v. Taylor, 43 Ill. 207; Hamor v. Moore, 8 Ohio, 239;
Forbes v. Williams, 13 Bradwell, 280; Blanchard v. Williamson,
70 Ill. 647; Arnold v. Franklin, 3 Bradwell, 141; Gage v.
Lewis, 68 Ill. 614; Oertel v. Schroeder, 48 Ill. 137; G. W.
Ins. Co. v. Rees, 29 Ill. 272.

Mr. M. D. BROWN and Mr. JACOB FAWCETT, for appellee;
that the jury are the judges of the credibility of the witnesses
and the weight to be given their testimony, cited Stampofski
v. Steffins, 79 Ill. 303; Wallace v. State, 28 Ark. 531; Hallo-
way v. Com., 11 Bush, 344; Ashlock v. Linder, 50 Ill. 169;
Graff v. Simmons, 58 Ill. 440; Graves v. Colwell, 90 Ill. 612;
City of Aurora v. Hillman, 90 Ill. 61.

LACEY, J.   This suit was a claim filed in the county court,
and upon being rejected by that court was appealed by ap-
pellee to the circuit court, and is based on the following in-
strument in writing, signed by Delilah Deeds, deceased, of
whose estate the appellant is administrator, to wit:

"PLEASANT VALLEY, ILL., Oct. 25, 1875.

"Whereas my niece, Lillie Williams, has performed for me
personal service for a long period of time, for which I desire
she should receive ample compensation from my estate, and
not feeling able at present to fully compensate her, I there-
fore and hereby acknowledge myself indebted to her in the
sum of twenty-five hundred dollars, with interest, but not to
be due until my death, unless at my option.

"DELILAH DEEDS."

This claim is the same in character as that in controversy
in the case of the same appellant here against Mary J. Will-
iams, reported in 13 Bradwell, 280. The two claimants are
sisters, and both papers were written by Reuben Mickel, who
is the main witness to support each claim. They were writ-
ten at the same time and were a part of the same transaction.
There is some difference in the two notes, particularly in ex-

Forbes v. Williams.

pressing the consideration. The Mary Williams note mentions "a loan of $50" and "sundry services and acts of kindness," while the note in controversy here only expresses for consideration "personal services." The only witness introduced in this case besides Mickel, for {appellee, was her sister, Mary J. Williams, and the only one introduced in the other case, outside of Mickel, by Miss Mary J. Williams, was the appellee.

There are several grounds for error assigned by the appellant, and among them is that the verdict was manifestly against the weight of the evidence, and as we have concluded to sustain this assignment, we will not occupy time in the consideration of the other questions. The main question is, was there a consideration for this note? The note expresses "personal services" already performed as the consideration for it. But the testimony of Mickel goes to the point that services performed and to be performed, was the consideration of the note. We think that it is clearly deducible from all the evidence, that there was no consideration for the note, and that was clearly understood by appellee, Mrs. Deeds, and Mickel, at the time it was drawn up, and that all the talk about services rendered and to be rendered, and the form of the note, was simply a device of Mickel, who was the main adviser in the transaction, to try to make the note legal and binding, while it was understood by him that it would not be binding unless a valuable consideration could be shown, and that the note was in reality a gift in the nature of a testamentary bequest. The mention of services was a mere sham.

The only service that the evidence shows was performed by the appellee for the appellant, and for which the note is claimed to have been given, was while the appellee remained at the house and residence of Mrs. Deeds, from April, 1875, to the date of the note, Oct. 15, 1875. During that whole time appellee lived and boarded with Mrs. Deeds without performing any labor to speak of, and nothing except as she pleased, and was treated throughout as one of the family and as a guest. Mrs. Deeds was sixty-three years of age, and we are fully satisfied that whatever services were performed, it

was with no expectation or intent by either party that it should be paid for, and there was certainly no express agreement to that effect.

In law, implied contracts are such as reason and justice dictate, and which, therefore, the law presumes that every man undertakes to perform. Blackstone, Book 2, pp. 442, 443. All the services, if any, performed by appellee prior to the giving of the note, would not pay for her board and lodging, and hence under the circumstances, reason and justice would not require Mrs. Deeds to pay her anything, nor would the law imply a debt against her. Hence there being no debt or demand, the note was a mere gift. Mrs. Deeds acknowledged by the note that she " did not feel herself able to fully compensate " appellee, and that therefore she postponed the debt to be paid out of her estate. When it is seen that the services were not worth a dollar over and above her board, how absurd such a statement appears. It shows that the note was drawn in such form for a purpose, and that evidently was to make it answer in place of a will. There is little dispute as to the evidence, and it is not necessary for us to consider it in detail; but these are the conclusions we arrive at after a full consideration of all of it. We therefore find that the note was a mere gift without consideration and in the nature of a testamentary bequest, and that no jury would be supported by this court in finding a verdict for appellee on the evidence. The judgment of the court below is therefore reversed.